IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ERNEST HARDEN,

    Plaintiff,

v.                                                  Case No.:_____

                                                  Division: _____

DAVITA INC.,
a foreign corporation, and
KRISTINE A. JOHNSON,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Ernest Harden, by and through undersigned counsel, sues Defendants, DaVita Inc. and Kristine A. Johnson, and alleges the following:

1. This is an action for damages in excess of $15,000.

2. Plaintiff, Ernest Harden, is a resident of Hillsborough County, Florida.

3. Defendant, DaVita Inc., is a foreign corporation that is licensed to do business in the State of Florida and operates an office in Hillsborough County, Florida.

4. Upon information and belief, Defendant Kristine A. Johnson is a resident of Hillsborough County, Florida.

## FACTUAL BACKGROUND

5. Plaintiff is a 47-year old African-American male.

6. Defendant Davita operates dialysis facilities throughout the country, including a facility that is located at Temple Terrace, Florida.



7. Defendant Johnson was the Center Director of Davita's facility at Temple Terrace, Florida.

8. Plaintiff received dialysis treatment at DaVita's facility located at Temple Terrace until June 29, 2006.

9. The staff at the Temple Terrace facility appointed Mr. Harden as a patient representative.

10. As a patient representative, Plaintiff would assist patients, especially new ones, in getting accustomed to the procedures at the facility and feeling comfortable during their treatment.

11. Among the staff at the Temple Terrace facility, Defendant Johnson had a reputation of holding discriminatory views towards African-Americans and Hispanics.

12. Despite the respect that Plaintiff had among the staff, sometime prior to June 29, 2006, Defendant Johnson turned against him by directing her discriminatory views towards Mr. Harden.

13. Defendant Johnson fabricated allegations against Plaintiff, claiming that he threatened: 1) violence against her; 2) violence against the nursing staff; and 3) to blow up the facility.

14. There was no factual support for Defendant Johnson's allegations against Plaintiff.

15. As a result of these false statements, the Regional Operations Director, Christine Boyette, and an officer from the Temple Terrace Police Department were waiting to meet Plaintiff when he arrived at the facility for treatment on June 29, 2006.

16. Boyette prevented Plaintiff from receiving treatment and the officer forced him to leave the premises.

17. Boyette told Plaintiff that DaVita has a "Zero Tolerance Policy" regarding violence and threats of violence.

18. On that morning, Plaintiff was in need of dialysis treatment. Still, he was forced off of the premises and sent to a different facility.

19. Because of his condition, Plaintiff became disoriented and was unable to safely reach the other facility. Therefore, Plaintiff had to call his wife for assistance.

20. Defendant DaVita's decision caused Plaintiff to experience a severe medical crisis that could have led to his death.

21. Defendants DaVita and Johnson's fabrications eventually reached other patients causing some to fear Plaintiff and believing that he is a violent man.

22. For example, Defendant Johnson told some patients that they did not know Mr. Harden the way that she knew him and added that he is an evil person.

23. Plaintiff lost the respect, trust, and friendship of his fellow dialysis patients, as well as Defendant DaVita's staff.

24. The false allegations communicated by Johnson did not stop with Plaintiff. Defendant Johnson has approached other patients and told them that she heard that they were threatening violence against her, threatening violence against the nursing staff, and threatening to blow up the facility.

25. Notwithstanding Defendant Johnson's allegations, the other patients were allowed to continue to receive treatment at DaVita.

## Count I
## Race Discrimination – 42 USC § 1981
## (DaVita Inc.)

26. Plaintiff re-alleges all allegations in paragraphs 1 through 25 of the Complaint, as though fully set forth herein.

27. Plaintiff is a member of a protected class – i.e., an African-American male.

28. Defendant DaVita was the owned and operated the dialysis facility located at Temple Terrace, Florida.

29. In operating its facility, Defendant DaVita treated patients who were sent to its facility from other sources.

30. On June 29, 2006, Plaintiff went to Defendant DaVita's facility to receive dialysis treatment. At the time, DaVita, through its officers, agents, and employees, refused to provide Plaintiff with his scheduled dialysis treatment.

31. Plaintiff alleges that Defendant DaVita refused to treat him solely for the reason that Plaintiff belongs to the African-American race.

32. Defendant's refusal through its officers, agents and employees to treat Plaintiff was a violation of 42 U.S.C. § 1981.

33. By reason of the unlawful acts of discrimination against Plaintiff by Defendant DaVita, Plaintiff suffered great humiliation, shame, inconvenience, and mental suffering, all to Plaintiff's damage.

WHEREFORE, Plaintiff requests judgment against Defendant DaVita for damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and all such further relief that this Court deems just and appropriate.

## Count II
## Race Discrimination – 42 USC § 1981
### (Kristine A. Johnson)

34.     Plaintiff re-alleges all allegations in paragraphs 1 through 25 of the Complaint, as though fully set forth herein.

35.     Plaintiff is a member of a protected class – i.e., an African-American male.

36.     Defendant Johnson was the Center Director at the dialysis facility located at Temple Terrace, Florida.

37.     Upon information and belief, Defendant Johnson supervised all operations at the facility located at Temple Terrace, Florida.

38.     Through actions taken by Defendant Johnson, refused to provide Plaintiff with his scheduled dialysis treatment.

39.     Defendant Johnson's actions, which resulted in Defendant DaVita's refusal to treat Plaintiff, occurred solely for the reason that Plaintiff belongs to the African-American race.

40.     Defendant Johnson's actions which lead to DaVita's to treat Plaintiff violated 42 U.S.C. § 1981.

41.     By reason of the unlawful acts of discrimination against Plaintiff by Defendant DaVita, Plaintiff suffered great humiliation, shame, inconvenience, and mental suffering, all to Plaintiff's damage.

WHEREFORE, Plaintiff requests judgment against Defendant Johnson for damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and all such further relief that this Court deems just and appropriate.

## Count III
## Defamation
## (DaVita, Inc.)

42. Plaintiff re-alleges all allegations in paragraphs 1 through 25 of the Complaint, as though fully set forth herein.

43. Around June 29, 2006, Defendant Johnson, an agent and employee of DaVita Inc., made numerous statements to others accusing Plaintiff of threatening: 1) violence against her; 2) violence against the nursing staff; and 3) to blow up the facility.

44. All of these statements were untrue, and damaged Plaintiff in preventing him from receiving dialysis treatment from Defendant DaVita Inc.

45. Defendant Johnson, an agent and employee of DaVita, knew that the statements were false.

46. These statements have held Plaintiff up to public scorn and ridicule.

47. Before these false allegations were made, Plaintiff enjoyed an excellent reputation among other patients, DaVita's staff.

48. As a direct and proximate result of the slander committed by Defendant DaVita's agents and employees, Plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable.

WHEREFORE, Plaintiff requests judgment against Defendant DaVita for damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and all such further relief that this Court deems just and appropriate.

## Count IV
## Defamation
## (Kristine A. Johnson)

49. Plaintiff re-alleges all allegations in paragraphs 1 through 25 of the Complaint, as though fully set forth herein.

50. Around June 29, 2006, Defendant Johnson made numerous statements to others accusing Plaintiff of threatening: 1) violence against her; 2) violence against the nursing staff; and 3) to blow up the facility.

51. All of these statements were untrue and damaged Plaintiff in preventing him from receiving dialysis treatment from Defendant DaVita Inc.

52. Defendant Johnson knew that the statements were false.

53. These statements have held Plaintiff up to public scorn and ridicule.

54. Before these false allegations were made, Plaintiff enjoyed an excellent reputation among other patients, DaVita's staff.

55. As a direct and proximate result of the slander committed by Defendant Johnson, Plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable.

WHEREFORE, Plaintiff requests judgment against Defendant Johnson for damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and all such further relief that this Court deems just and appropriate.

## Count V
## Negligent Hiring and Retention
## (DaVita Inc.)

56. Plaintiff re-alleges all allegations in paragraphs 1 through 25 of the Complaint, as though fully set forth herein.

57. Defendant DaVita knew or should have known that Defendant Johnson was not fit for employment.

58. Defendant DaVita had a duty to protect Plaintiff from harm caused by Defendant Johnson.

59. Defendant DaVita breached its duty to Plaintiff by failing to take action to prevent Plaintiff from harm caused by Defendant Johnson to include removing Johnson from its facility.

60. As a direct and proximate result of Defendant DaVita's breach of duty to protect Plaintiff, Plaintiff was denied dialysis treatment and suffered extreme humiliation and embarrassment.

WHEREFORE, Plaintiff requests judgment against Defendant DaVita for damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and all such further relief that this Court deems just and appropriate.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 30th day of March 2007.

RICHARD L. BRADFORD
Florida Bar No.: 0068497
BRADFORD AND BRADFORD, P.A.
150 East Bloomingdale Ave., Ste. 114
Brandon, FL 33511
Telephone: (813) 413-2402
Facsimile: (813) 413-2425
Attorneys for Plaintiff